12888510

COVER

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FILED
NOV 1 3 2017
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA
BY _____W_____, DEPUTY

WADE LAY,
   PLAINTIFF,

VS.

CASE NO. CIV-17-1224-R

OKLAHOMA DEPT. OF
CORRECTIONS, WDR. ALLBAUGH
(DIRECTOR - ODOC), OKLAHOMA
STATE PENITENTIARY, TERRY
ROYAL (WARDEN - O.S.P.),
JERRY PERRY (H-UNIT, UNIT
MANAGER),
   DEFENDANTS.

42 USC § 1983 CIVIL RIGHTS ACTION
DEATH ROW PRISONER IN A CAPITAL CASE

PLAINTIFF'S INITIAL FILING 42 USC § 1983 CIVIL ACTION
PLAIN AND SHORT STATEMENT

WADE GREELY LAY #562?
OKLAHOMA STATE PENITENTIARY

DATE:
FILING: pro-se

P.O. BOX 97
McALESTER, OKLAHOMA 74502

12888510

Pg. 1

JURISDICTION:

THIS COURT, THE U.S.D.C. W.D. /OK., HAS JURISDICTION OVER THE PARTY, THE OKLAHOMA DEPT. OF CORRECTIONS (O.D.O.C.), AND THE REMAINING PARTIES: MR. ALLBAUGH (DIR. O.D.O.C.); OKLAHOMA STATE PENITENTIARY (O.S.P.); TERRY ROYAL (WARDEN AT O.S.P.); JERRY PERRY (UNIT MGR., H-UNIT (DEATH ROW)).

THE O.D.O.C. IS A DEPARTMENT OF STATE GOVERNMENT, IN OKC., OKLAHOMA, THAT IS GOVERNED BY STATE LAW, THE ADMINISTRATIVE PROCEDURE ACT (A.P.A.), WHEREIN AN EXCEPTION IS GIVEN TO THE O.D.O.C., FOR THE PURPOSE OF INNER MANAGEMENT OF PRISONERS, TO EXERCISE DISCRETION ON SITE, TO REGULATE BEHAVIOR TO ENSURE SECURITY.

DUE TO THIS NECESSITY, FOR THE PURPOSE OF SECURITY, A STRICT SCRUTINY TO THE APPLICATION AND EXECUTION OF O.D.O.C. POLICY REGULATIONS IS REQUIRED. THE O.D.O.C. HAS FAILED IN THIS REGARD. MALICIOUS PROCESS AND ABUSE OF PROCESS ARE TERMS THAT APPLY TO THIS CASE, BUT THE FACTS ARE, NO PROCESS EXIST AT ALL, THE RULE AT O.S.P., IS TOTALLY ARBITRARY.

MR. ALLBAUGH AS DIRECTOR OF THE O.D.O.C., NATURALLY FALLS UNDER THE COURTS JURISDICTION; O.S.P. IS AN AGENCY CONTROLLED IN EVERY RESPECT BY THE O.D.O.C., THE COURT HAS JURISDICTION; THE WARDEN AT O.S.P., AND THE UNIT MGR. (H-UNIT), ARE EMPLOYEES OF THE O.D.O.C., AND ARE SUBJECT TO O.D.O.C. POLICY REGULATIONS, AND ITS OVERSIGHT. THIS COURT HAS JURISDICTION UNDER 42 USC § 1983, OF ALL THE PARTIES NAMED IN THIS CIVIL RIGHTS ACTION.

pg. ii

PARTIES:

1. WADE LAY IS A PRISONER ON DEATH ROW, AT OKLAHOMA STATE PENITENTIARY, HE IS IN THE CUSTODY OF THE OKLAHOMA DEPT. OF CORRECTIONS, AT O.S.P., P.O. BOX 97, McALESTER, OKLA. 74502. NOTE: RHONDA KEMP (SISTER TO PLAINTIFF) HAS POWER OF ATTORNEY, SPECIFICALLY, TO ACT ON WADE LAY'S BEHALF DUE TO THESE CONDITIONS. OFFICERS MAHONEY (O.S.P. SECURITY OFFICER), AND MATTHEWS (SECURITY OFFICER), WITH MISS WILLIAMS (LAW CLERK-NOTARY) ACTED AS WITNESSES TO THIS POWER OF ATTORNEY ACTION, AT O.S.P. IN JULY OF 2017. THE POWER OF ATTORNEY STATES: THAT MISS KEMP MAY ACT ON WADE LAY'S BEHALF, HER SIGNATURE APPROVAL BEING EQUAL TO HIS OWN, BUT WADE LAY IS NOT REMOVED FROM HIS LEGAL RIGHTS, THE POWER OF ATTORNEY IS PARTICULATE IN ITS PURPOSE, BECAUSE O.S.P. DENIES THE PLAINTIFF ACCESS TO COURTS, AND ALL ITS RELATED ELEMENTS.

(MISS KEMP MAY ACT IN THIS CAPACITY IF NECESSITY DEMANDS)

1-A) CO-PARTY FOR PLAINTIFF, RHONDA KEMP IS THE PLAINTIFF'S SISTER, AND RESIDES IN WICHITA, KANSAS, AT 1631 TIARA PINES RD., DERBY, KS. 67037. THE PURPOSE FOR THIS, IS IN THE EVENT O.S.P. CONTINUES TO WITHHOLD FROM WADE LAY ALL HIS PROPERTY, AND REFUSES TO ALLOW HIM TO COMMUNICATE WITH HIS SISTER OR DANIEL GRAY (COUNSEL), OR THE FEDERAL PUBLIC DEFENDER (OKC - SUSAN OTTO, DIRECTOR). THE PHONE RESTRICTION APPLIED TO ATTORNEYS VIOLATES POLICY, AND RESTRICTION TO HIS FAMILY, MISS KEMP HAVING POWER OF ATTORNEY, ACTING AS "NEXT FRIEND" 01/09/2017, IN THE U.S. SUP. CT., ALSO VIOLATES LAW AND POLICY.

PARTIES:

2.) OKLAHOMA DEPARTMENT OF CORRECTIONS - THE (O.D.O.C.) IS A DEPT. OF STATE GOVERNMENT GIVEN CONTROL OVER CORRECTIONAL INSTITUTIONS ACROSS THE STATE. WITHIN THE ADMINISTRATIVE PROCEDURE ACT (A.P.A.), THE DEPT. IS GIVEN AN EXCEPTION FOR THE PURPOSE OF INNER MANAGEMENT OF PRISONS, UTILIZING THEIR DISCRETION ON SITE, FOR THE PURPOSE OF SECURITY. THIS EXCEPTION IS OF COURSE PROPER, AS IT IS NECESSARY. HOWEVER, THE LIBERTY IS NOT A LICENSE, AND BECAUSE OF THE EXCEPTION A STRICT SCRUTINY TO CONFORMANCE TO O.D.O.C. POLICY REGULATIONS IS CONSIDERED IMPERATIVE. THE O.D.O.C. HAS FAILED IN THIS REGARD. YET THE FAILURE IS NOT DUE TO INCOMPETENCE, IT IS A DELIBERATE DISREGARD DUE TO AN ILLICIT AGENDA, TO ACQUIRE GREATER APPROPRIATIONS FROM THE STATE LEGISLATURE, UNDER FALSE PRETENSE. (SEE *hay V. O.D.O.C.* (CIV-2016-00113) NO.         FILED ON APPEAL TO THE OKLA. SUP. CT. (PENDING)).

3.) MR. ALLBAUGH IS THE DIRECTOR OF THE O.D.O.C., HE IS A RESIDENT OF OKLAHOMA, AND AT THE TIME THESE INCIDENTS OCCURRED, WAS CONTACTED BY THE PLAINTIFF WITH TWO "PRIVELEGED LETTERS", WRITTEN TO INFORM THE DIRECTOR, THAT O.S.P. REFUSES TO ANSWER REQUEST TO STAFF (R/T.S.), DENIES ACCESS TO COURTS AND ITS NECESSARY ELEMENTS, AND USES VIOLENT MEANS TO TAKE PROPERTY (LEGAL AND PERSONAL) TO SERVE AS A MEANS OF ATTRITION TO DESTROY A PRISONERS WILL, AND PREVENT THEIR ABILITY THROUGH UNLAWFUL PHYSICAL DEPRIVATION, TO ENJOY THEIR LEGAL RIGHTS. SUCH AS: STATIONARY ITEMS, PENS, PAPER, STAMPS, ENVELOPES, LEGAL MATERIALS, TO INCLUDE

12000511

PG. IV.

PARTIES:

3) - HABEAS CORPUS FILES, ETC., YET MR. ALLBAUGH FAILED TO RESPOND, CONTRARY TO THE O.D.O.C. POLICY GUIDELINES. (SEE huy V. O.D.O.C. (CIV-2016-0013), A SPECIFIC PLEADING CONCERNING THE PRIVELEGED LETTERS AND O.D.O.C. RESPONSE THAT IS BOTH DECEPTIVE AND VIOLATES THEIR OWN REGULATIONS.

4) OKLAHOMA STATE PENITENTIARY - IS AN AGENCY OF THE OKLA. DEPT. OF CORRECTIONS, OPERATING UNDER ITS CONTROL. THE PRISON STAFF HAVE BECOME ACCUSTOM TO DISREGARDING POLICY, UNTRAINED STAFF, HAVING LITTLE EXPERIENCE, ADMIT OUTRIGHT, THAT, EVEN THOUGH THEY SEE THE PROCESS VIOLATES THE POLICY SHOWN TO THEM BY THE PLAINTIFF, THEY HAVE TO DO WHAT JERRY PERRY (UNIT MGR.) TELLS THEM TO DO. A DISPOSITION HAS BEEN ESTABLISHED THAT READILY DISREGARDS LAW AND POLICY, OPERATIONS AT O.S.P. ARE VOLUNTARILY ARBITRARY, DEPRIVING PRISONERS OF THEIR RIGHT TO DUE PROCESS, AND EQUAL PROTECTION OF THE LAWS, UNDER THE 14TH AMENDMENT.

5) TERRY ROYAL - IS A RESIDENT OF OKLAHOMA, HE IS THE WARDEN AT O.S.P., AND AT THE TIME THE INCIDENTS OCCURRED ACTED UNDER COLOR OF LAW TO CONCEAL THE EVENTS, USING HIS POSITION AS FACILITY HEAD IN A MANNER WHICH VIOLATES O.D.O.C. POLICY GUIDELINES. THE PLAINTIFF FILED OFFICIAL COMPLAINTS TO THE PREA ORGANIZATION, WHO THEN DIRECTED THE MATTER TO MR. ROYAL AS FACILITY HEAD, CONCERNING MR. PERRY'S RETALIATIONS DUE TO THE P.REA. COMPLAINT AGAINST SGT. SCHRAM IN APRIL OF 2015. THESE COMPLAINTS WERE FILED IN MAY OF 2017.

1288511

pg. V

PARTIES:

5) - MR. ROYAL MADE THREE PERSONAL VISITS TO WADE LAY, THE MOST RECENT, ON 10/10/2017, WAKING THE PLAINTIFF UP FROM SLEEP, TWICE STATING: "WHAT CAN I DO TO MAKE THIS RIGHT?" THEN FAILING TO DO WHAT HE SAID HE WOULD DO. AT APPROXIMATELY 5:00 PM, ON THE 10TH OF OCT., 2017, MR. ROYAL PROMISED HE WOULD RETURN WADE LAY'S PROPERTY AND MOVE HIM TO ANOTHER CELL (SW 499 OR SW 400), MR. ROYAL HAS NEVER ANSWERED A R.T.S., NOR ACTED ON HIS OWN VERBAL COMMITTMENT*. THE PLAINTIFF BELIEVES, THE FACTS INFER, THAT MR. ROYAL KNEW THE OKLA. SUP. CT. CONVENED ON THE 9TH OF OCTOBER, 2017, WAS AWARE OF THEIR JUDGMENT TO DISMISS THE APPEAL, BASED ON THE PREMISE: "IT APPEARS THE PARTIES HAVE NOT BEEN SERVED". HE ALSO KNEW, THAT ON THE 25TH OF OCTOBER, 2017, PETER LAY HAD BEEN SEEKING NOTARY AND ACCESS TO THE OKLA. SUP. CT. FOR NEARLY THREE WEEKS, THAT JERRY PERRY INSTEAD PEPPER SPRAYED THE PLAINTIFF, TAKING THE PLEADING PROVIDING INFORMATION TO THE OKLA. SUP. CT., THAT THE PARTIES WERE SERVED BY TULSA ATTORNEY DANIEL GRAY, ON 01/09/2017. THEREFORE, WHEN MR. ROYAL PRESENTED THE FALSE HOPE TO LAY ON THE 10TH OF OCT. 2017, HE KNEW THAT ON 10/12/17, THE LEGAL MAIL REPRESENTATIVE WOULD DELIVER THE BAD NEWS OF DISMISSAL, COUPLED WITH HIS FAILURE TO ACT ON HIS WORD, WOULD COMPELL THE PLAINTIFF TO COMMIT SUICIDE. MR. ROYAL DOES NOT COMPLY WITH POLICY, PUTTING HIS DISPOSITION IN WRITING, ANSWERING R.T.S. AS REQUIRED, HIS ACTIONS LIKE JERRY PERRY'S ARE ARBITRARY.

F.N.
*) MR. ROYAL PROMISED ON THE 10TH, THAT BEFORE THE END OF THAT WEEKS, WADE LAY WOULD HAVE HIS PROPERTY, AND BE MOVED.

17-CV-

PARTIES: PG. VI

6) JERRY PERRY - IS A RESIDENT OF OKLAHOMA, HE IS THE UNIT MGR. ON DEATH ROW (H-UNIT, AT O.S.P.). MR. PERRY AT THE TIME THESE INCIDENTS OCCURRED ACTED UNDER COLOR OF LAW VIOLATING WADE LAY'S CIVIL RIGHTS. AS DESCRIBED IN THE SHORT AND PLAIN STATEMENT, MR. PERRY HAS ORCHESTRATED A CAMPAIGN OF REPEATED ATTACKS TO DESTROY THE PLAINTIFF'S ABILITY TO ACCOMPLISH A SUCCESSFUL COURSE OF CIVIL LITIGATION TO SECURE HIS RIGHTS UNDER LAW.

THE MOST RECENT ACTION ON 10/25/2017, REVEALS A BLATANT DISREGARD FOR LAW AND POLICY THAT IS ALARMING. THE CHARGES ARE A COMPLETE FABRICATION. AFTER BEING DEPRIVED NOTARY, COPIES, AND ACCESS TO COURTS FOR OVER A MONTH, THE CASE PENDING IN THE OKLA. SUP. CT., NEAR DEFAULT, THE PLAINTIFF COVERED HIS GLASS, SIMPLY TO COMPELL A RESPONSE. THAT ACT HAD BECOME CUSTOMARY, THE PLAINTIFF HAD COVERED HIS WINDOW GLASS 100 TIMES IN THE PAST PRIOR SIX MONTHS. (VIDEO SURVEILLANCE CONFIRMS THIS TO BE TRUE). BECAUSE NO R.T.S. ARE ANSWERED, THERE IS NO PROCESS, NO CASE MGR. OR ADMINISTRATIVE STAFF <u>EVER</u> COMES OUT TO THE RUN TO PERSONALLY DEAL WITH ISSUES. A DOZEN R.T.S. HAD BEEN SENT TO THE CASE MGR. AND WARDEN ABOUT NO NOTARY SERVICE, BUT NO RESPONSE!

AFTER THE INITIAL CHARGES ON THE 25TH OF OCT., 2017, LAY'S EYE GLASSES ARE TAKEN, BY ORDER OF MR. PERRY, AND DUE PROCESS IS AN EVENT OF ARBITRARY RULE, BY JERRY PERRY, WHO IS DIRECTLY INVOLVED. THIS VIOLATES POLICY, AS ANY STAFF MEMBER BEING DIRECTLY INVOLVED CANNOT BE AN INVESTIGATOR, OR HEARING OFFICER. ON THE 25TH AND 26TH OF OCT., 2017, AT BOTH INVESTIGATIONS, MR. PERRY

1288511

PARTIES:

PG. VII

C) - DOMINATES THE PROCEEDINGS, ORDERING MISS SCHLUETER (CASE MGR. / INVESTIGATOR), NOT TO ALLOW LAY TO CALL WITNESSES, NOT TO BE ALLOWED TO CALL FORTH PAST MISCONDUCT REPORTS TO PROVE PREJUDICE AND PARTIALITY BY THE REPORTING OFFICER; AND FINALLY, AFTER LAY INSISTED ON HAVING HIS EYE GLASSES SO HE COULD SEE THE REPORTS, MR. PERRY ORDERS SECURITY OFFICERS TO TAKE LAY BACK TO HIS CELL, SAYING TO MISS SCHLUETER: "WRITE DOWN, HE REFUSES TO COOPERATE".

MR. PERRY HAS CARRIED OUT THIS ABUSE OF PROCESS FOR OVER THREE YEARS, AS EXPLAINED. FOUR TIMES IN FOUR YEARS, FIVE BOGUS MISCONDUCT REPORTS, NO HEARING OR DUE PROCESS, AND THIS MOST RECENT INCIDENT, RIGHT IN FRONT OF DOZENS OF STAFF, A FLAGRANT RULE OF TOTAL ARBITRARY POWER.

ON 10/19/2017, LAY TRIES TO CALL HIS ATTORNEYS, BUT CONTRARY TO O.D.O.C. POLICY GUIDELINES, MR. PERRY BLOCKS ALL SIX ATTORNEYS NUMBERS, TO EVEN INCLUDE BLOCKING THE PREA HOTLINE. LAY HAD TO USE ANOTHER INMATES I.D.# TO CONTACT P.R.E.A. (PRISON RAPE ELIMINATION ACT), IN OKC. MR PERRY PURPOSELY VIOLATES LAW AND POLICY. HIS ACTIONS ARE COMPLETELY WITHOUT RESTRAINT, TOTALLY ARBITRARY.

0db16451e54880d8

pg. 1

NATURE OF THE CASE:

On December 30, 2016, Miss Kemp hired attorney (Daniel Gray - Tulsa) to visit the plaintiff at O.S.P., to pickup documents to file in the Pittsburgh County Dist. Court, in McAlester, Lay v. O.D.O.C. (CIV-2016-00113). Because Corpus Juris Secundum (access to courts with its necessary elements, such as notary, copies, and access to legal materials) is violated at O.S.P.-

The parties were served, 01/09/2017, but for unexplained reasons the Pittsburgh County Dist. Court would not acknowledge the certificate of service provided by counsel, and failed to adjudicate the case. Lay files an appeal to the Oklahoma Supreme Court in May of 2017. August 29, 2017, a protective order is filed for Lay the plaintiff by Miss Kemp, and the Okla. Sup. Ct. responds, asking the defendants to respond to the assertions made by Lay. The defendants counsel, O.D.O.C. General Counsel responds Sept. 15, 2017. Lay seeks to reply, but the O.S.P., and the parties named, Terry Royal and Jerry Perry fabricate charges, and without an investigation or hearing, remove all of Lay's property, to include the reply to the Okla. Sup. Ct.. The case is dismissed.

CAUSE OF ACTION:

The brief description above, the abuse of process under color of law, to destroy the ability to successfully accomplish a civil rights action, is a customary practice at O.S.P..

The plaintiff will briefly describe past offenses of the same nature, because he has no legal materials, reference to related

17888510

p. 2

CAUSE OF ACTION CONTINUED:

CASES WILL PROVIDE A RECORD OF THE CLAIMS, WITH DOCUMENTARY EVIDENCE.

ON FEBRUARY 24, 2014, THE POSTAL AGENT AT O.S.P. (DAVID ORMAN) FAILS TO PROVIDE LEGAL MAIL SERVICE, DEFAULTING Lay V. Otto, (CIV-12-888-D); NO. 13-6056 (10TH CIR. (2013)); THE CERTIORARI PETITION TO THE U.S. SUPREME COURT. (JUSTICE SOTOMAYER ASSIGNED TO THE CASE). (SEE DKT# 53, AND 84, OF Lay V. O.D.O.C. (CIV-13-481-RAW-SPS) FILED IN THE U.S.D.C. E.D. /OK.) (DOCUMENTARY EVIDENCE PROVIDED)).

ON SEPTEMBER 4, 2014, DANIEL GRAY (TULSA ATTORNEY) CALLS O.S.P., SETS APPOINTMENT FOR SEPT. 11, 2014, TO PICK UP RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (SEE DKT# 40, Lay V. O.D.O.C. CIV-13-481-RAW-SPS), TWO HOURS LATER ON THE 4TH OF SEPT. 2014, JERRY PERRY AND LT. HORVATT CONFISCATE ALL OF WADE LAY'S LEGAL MATERIALS, TO INCLUDE THE RESPONSE TO THE DEFENDANT'S MOTION, IE. DKT# 42, TO DISMISS Lay V. O.D.O.C. (13-481-RAW-SPS). THE PROPERTY IS RETURNED THE 11TH OF SEPT., 2014, ALL BUT THE RESPONSE. IT IS IMPORTANT TO NOTE: MR. PERRY AND LT. HORVATT HAD EXECUTED A SHAKEDOWN TWO DAYS PRIOR, ON SEPT. 2, 2014, TO REMOVE ALL EXCESS PAPER MATERIALS. (SEE DKT# 84, Lay V. O.D.O.C. CIV-13-481-RAW-SPS).

ON JUNE 1, 2015, JUST A FEW WEEKS AFTER LAY FILES AN APPEAL TO THE 10TH CIRCUIT IN Lay V. O.D.O.C. (13-481-RAW-SPS), JERRY PERRY REMOVES ALL OF WADE LAY'S PROPERTY (BOTH LEGAL AND PERSONAL), WITHOUT DUE PROCESS, INVESTIGATION OR HEARING. (SEE DKT# 6, Lay V. Orman, (CIV-15-170-EHS-SPS). THIS CORRELATES TO A PRISON RAPE ELIMINATION ACT (PREA) COMPLAINT FILED ON APRIL 29, 2015, AGAINST SGT. GHRAM BY LAY. IT WAS SGT.

1288650

PG. 3

CAUSE OF ACTION CONT.:

GHRAM THAT JERRY PERRY ALLOWED TO TAKE ALL OF LAY'S PROPERTY JUNE 1, 2015, CONTRARY TO PREA, AS THE O.D.O.C. INSPECTOR GENERAL HAD ORDERED SGT. GHRAM TO HAVE NO CONTACT WITH WADE LAY, IN COMPLIANCE WITH THE FEDERAL ENACTMENT.

ON SEPT. 14, 2016, O.S.P. REMOVES SPECIFIC HABEAS FILES FROM WADE LAY'S CELL DURING AN ANNUAL SHAKEDOWN, INSTIGATING THE CASE, *Lay V. O.D.O.C.* (CIV-2016-00113), FILED IN THE PITTS. COUNTY DIST. COURT. JUST 30 DAYS LATER, 5 BOXES OF OLD LEGAL MATERIALS ARE RETURNED FROM 2011, THE SELECT MATERIALS THE PLAINTIFF NEEDED WERE NEVER SEEN AGAIN, AND MISS KEMP HAD TO PUT OUT SEVERAL THOUSAND DOLLARS TO REPLACE ALL LAY'S PROPERTY; TELEVISION, SHOES, SWEATS, BOXERS, ETC..

FINALLY ON SEPT. 29, 2017, JERRY PERRY ON FABRICATED CHARGES, PRIOR TO AN INVESTIGATION OR HEARING, TAKES ALL OF WADE LAY'S PROPERTY. AFTER 19 DAYS DENYING LAY NOTARY, COPIES, LEGAL MAIL SERVICE, LAY IS PUT ON AN ILLEGAL DETENTION, ALL PROPERTY TAKEN, TO INCLUDE LAY'S RESPONSE TO GENERAL COUNSEL'S CLAIMS IN *Lay V. O.D.O.C.* IN THE OKLA. SUP. CT. (CASE NO.        ), THE SAME TACTICS EMPLOYED TOTALLY OUTSIDE OF O.D.O.C. POLICY REGULATIONS FOUR TIMES IN FOUR YEARS.

NOW THE PLAINTIFF IS DEPRIVED OF HIS ABILITY TO CALL HIS ATTORNEYS OR SISTER, HAVING POWER OF ATTORNEY, DUE TO A PHONE RESTRICTION EXECUTED WITHOUT DUE PROCESS. MR. PERRY EVEN BLOCKED LAY'S ACCESS TO THE PREA HOTLINE, CONTRARY TO THE FEDERAL STATUTE. LEGAL CALLS CANNOT

1288850

Dc. 4

CAUSE OF ACTION CONT.:

BE RESTRICTED, YET LAY HAS NOT BEEN ABLE TO COMMUNICATE WITH ATTORNEYS OR MISS KEMP SINCE 10/24/2017. NEITHER BY PHONE, MAIL, OR VISITATION.

FOR THESE REASONS, LAY'S CIVIL RIGHTS HAVE BEEN VIOLATED. ACCESS TO COURTS, ACCESS TO MEDICAL, THE EQUAL RIGHT TO ENJOY PRIVELEGES, SUCH AS COMMISARY, EVEN HYGENE AND STATIONARY.

THE PLAINTIFF IS SEEKING $300,170.00 IN PUNITIVE DAMAGES. ADDITIONALLY, INJUNCTIVE RELIEF, TO SECURE AN HONEST POSTAL SERVICE, AND A TRIAL FOLLOWING DISCOVERY, TO REVEAL THE DEPTH OF THESE OFFENSES.

THE TWOMBLY STANDARD, i.e., THE "ANY SET OF FACTS" STANDARD WHICH SHOWS THE LIKELIHOOD THE CLAIMS ARE TRUE, HAS BEEN SURPASSED. THESE FOUR DATES ABOVE ARE EXEMPLARY OF A SYSTEMIC FAULTLINE, AS THAT DESCRIBED BY JUSTICE GINGSBURGH IN THE U.S. SUP. CT., CONCERNING PRISON ADMINISTRATION. THE FACTS THAT EXIST ON THE RECORD, IN THE ABOVE NAMED CASES, PROVIDE TO THIS COURT ADEQUATE PROOF REQUIREMENTS TO PROVIDE THE PROTECTION FOR THE PLAINTIFF THAT IS WARRANTED.

RESPECTFULLY SUBMITTED BY

*[signature]*

WADE LAY, AT O.S.P.
P.O. BOX 97
McALESTER, OKLAHOMA 74502

12888510

PG. 5

EMINANT DANGER THREAT:

ON 10/05/2017, THE PLAINTIFF WAS ESCORTED TO MISS SCHLUETER'S OFFICE (CASE MGR./INVESTIGATOR) FOR AN INVESTIGATION OF A MISCONDUCT REPORT. THE PLAINTIFF'S GLASSES WERE TAKEN WITH HIS EYE DROPS MEDICATION, JUST RECENTLY HAVING CATARAX SURGERY IN BOTH EYES. PLAINTIFF COULD NOT SEE THE DOCUMENTS TO UNDERSTAND THE CHARGES, SO HE INFORMED THE INVESTIGATOR HE HAD A RIGHT TO PROPER VISION, IN ORDER FOR DUE PROCESS TO BE CARRIED OUT. (PLAINTIFF'S EYE GLASSES WERE REMOVED, ALONG WITH THE PLEADING TO THE OKLA. SUP. CT., AND ALL OF HIS PROPERTY.). THE SECURITY OFFICER ESCORT, (SGT. SCHLUETER, THE CASE MGR./INVESTIGATOR'S BROTHER IN LAW BECAME IRRATIONAL AND IRATE. VIDEO SURVIELANCE WILL REVEAL, THAT SGT. SCHLUETER ASSAULTED THE PLAINTIFF WHILE HE WAS DEFENSELESS, IN BLACK BOX RESTRAINTS AND LEG IRONS. AT 10:30 A.M., ON 10/05/2017, SGT. SCHLUETER AND ANOTHER OFFICER, IN SOUTHWEST QUAD OF H-UNIT, 4-SIDE RUN, BROKE LAY'S LEFT RING FINGER, AND RIGHT PINKY FINGER, WHICH IS STILL SWOLLEN AND HURTING AFTER 30 DAYS.

AS IT IS JERRY PERRY CONTRARY TO LAW AND POLICY, HAS CUT OFF WADE LAY'S ABILITY TO COMMUNICATE WITH ANYONE, EITHER BY PHONE, LETTER, OR VISITATION, EVEN THE PREA HOT LINE, PLAINTIFF BELIEVES HIS LIFE IS IN DANGER. HE BEGS THE COURT TO PROVIDE HIM PROTECTION UNDER THE EMINANT DANGER THREAT.