# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WADE LAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-1224-D |
| | ) | |
| OKLAHOMA DEPARTMENT OF CORRECTIONS, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court for review of the Report and Recommendation [Doc. No. 18] issued by United States Magistrate Judge Bernard M. Jones pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon initial screening, Judge Jones recommended that the Court: (1) deny Plaintiff's motion for leave to proceed *in forma pauperis*; (2) order the payment of the $400.00 filing fee within 21 days; and (3) dismiss this action without prejudice if Plaintiff fails to pay the $400.00 filing fee.

Following receipt of the Report and Recommendation, Plaintiff filed various motions with the Court [Doc. Nos. 19-24]. In essence, Plaintiff has no objection to paying the $400.00 filing fee from his institutional savings account. However, Plaintiff indicates that "if he is dependent on the Oklahoma State Penitentiary (O.S.P.) Business Office or Trust Fund [Department]" to "achieve such a payment," he foresees that his efforts will "be inhibited by a practice of malicious process." [Doc. No. 22 at 2].

Liberally construed, the Court treats these filings as Plaintiff's timely written objections to Judge Jones' Report. The Court must make a *de novo* determination of any

portion of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

Upon *de novo* review of the issues presented, the Court fully concurs with Judge Jones. The Court concludes that Plaintiff has sufficient funds in his account to pay the $400.00 filing fee.[1]

The Court is not required to facilitate Plaintiff's payment of the $400.00 filing fee. That is Plaintiff's responsibility. Plaintiff is capable of obtaining a disbursement of funds from his institutional savings account. *See* OKLA. STAT. tit. 57, § 549(A)(5) ("Funds from [an inmate's mandatory savings account] may be used by the inmate for fees or costs in filing a civil or criminal action …."); *see also Pack v. Kaiser*, No. 92-6367, 1993 WL 96885, at *1 (10th Cir. Mar. 29, 1993) (unpublished)[2] (recognizing Oklahoma law allows inmates to utilize funds in their mandatory savings accounts to pay court-required filing fees and "prisoners may be required to utilize funds in prison accounts in order to initiate litigation").

Although Plaintiff may foresee a problem in obtaining the disbursement, he has not shown that prison officials have been uncooperative in his efforts. The fact that Plaintiff obtained proper documentation for his IFP motion [Doc. No. 15] from the prison's

---

[1] On December 6, 2017, Plaintiff had a balance of $550.67 in his institutional savings account. [Doc. No. 15 at 4, 6]. On December 21, 2017, Plaintiff had a balance of $761.46. [Doc. No. 19 at 3, 6].

[2] Unpublished opinion cited pursuant to FED. R. APP. P. 32.1(a) and 10TH CIR. R. 32.1.

accounting department negates his argument that prison officials have been uncooperative.[3] The Court is cognizant of the fact that the process may take some time. In addition to sending a copy of this Order to Plaintiff, the court will direct the Court Clerk to send a copy of the Order to the accounting department at OSP to help facilitate payment.

Accordingly, Judge Jones' Report and Recommendation is ADOPTED in its entirety. Plaintiff's motions for leave to proceed *in forma pauperis* [Doc. Nos. 15, 19] are DENIED. Plaintiff shall pay the $400.00 filing fee within 21 days from the date of this Order. If Plaintiff fails to pay the filing fee or show good cause for his failure to do so within 21 days of the date of this Order, the Court, without further notice to Plaintiff, will dismiss this action without prejudice.

The Court directs the Court Clerk, in addition to sending a copy of this Order to Plaintiff, to send a copy of this Order and Judge Jones' Report and Recommendation [Doc. No. 18] to the accounting department at OSP.

IT IS SO ORDERED this 31st day of January 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] It appears, in fact, that prison officials provided the information to Plaintiff at least twice. [Doc. Nos. 15, 19]. Plaintiff filed two separate IFP motions with supporting documentation of his institutional savings account – one on December 21, 2017 [Doc. No. 15], and one on January 8, 2018 [Doc. No. 19]. Ellen Clay, "accounting tech III," at OSP provided the certifications [Doc. Nos. 15, 19].